United States District Court
Southern District of Texas
**ENTERED**
December 04, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| MELISSA DAIGLE, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:22-cv-00133 |
| | § | |
| AMERIHOME MORTGAGE COMPANY, LLC, | § § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before me is Defendant's Motion for Summary Judgment. Dkt. 17. Having considered the summary judgment briefing, the record, and the applicable law, I **GRANT** the motion.

## BACKGROUND

In March 2018, Melissa Daigle ("Mrs. Daigle") and her husband, Dustin Daigle ("Mr. Daigle") (collectively, the "Daigles"), purchased the property located at 6533 Gray Birch Lane, Dickinson, TX 77539 (the "Property"). As part of the purchase, the Daigles executed a Promissory Note ("Note") in the amount of $227,797.00. To secure repayment of the Note, the Daigles executed a Deed of Trust, granting a security interest in the Property. AmeriHome Mortgage Company, LLC, ("AmeriHome") is the current holder of the Note and the beneficiary of the Deed of Trust.

The Daigles made the first four monthly payments due on the Note, but then defaulted on the payment due on August 1, 2018. Beginning on September 10, 2018, AmeriHome sent numerous letters to the Daigles, informing them that their loan was in default and allowing them to request a face-to-face interview with AmeriHome to discuss their options to resolve the default. These letters were sent on: September 10, 2018; January 10, 2019; February 11, 2019; March 13, 2019; April 10, 2019; May 13, 2019; June 10, 2019; July 11, 2019; August 12, 2019; April

10, 2020; May 11, 2020; June 10, 2020; July 13, 2020; August 10, 2020; September 15, 2020; and October 13, 2020. The Daigles did not respond to these letters.

On September 17, 2020, AmeriHome sent the Daigles a Notice of Intent to Foreclose, informing them that their loan was in default in the amount of $4,911.88. AmeriHome explained to the Daigles that failure to cure the default by October 22, 2020 would result in acceleration of the loan and foreclosure proceedings. The Daigles did not cure the default.

The Daigles did, however, reach out to AmeriHome in the fall of 2020 and request that their mortgage be placed in a forbearance plan as a result of financial hardships caused by the COVID-19 pandemic. During the forbearance period, the Daigles's monthly mortgage payments (principal, interest, and escrow) were suspended. AmeriHome specifically explained to the Daigles that "[f]orbearance does not mean your payments are forgiven. You are still required to fully repay your suspended payments, but not all at once." Dkt. 17-2 at 39. The forbearance period ended on October 31, 2021. The Daigles did not make any subsequent mortgage payments.

On March 1, 2022, AmeriHome sent the Daigles a Notice of Acceleration of Maturity and Notice of Non-Judicial Foreclosure Sale, giving the Daigles one last chance to pay the amounts due under the Note. Rather than pay the outstanding amounts to AmeriHome, the Daigles sold the Property to a third party on April 22, 2022.

On April 27, 2022, Mrs. Daigle filed suit against AmeriHome in the 56th Judicial District Court of Galveston County, Texas. Mr. Daigle is not a named plaintiff. The Original Petition identifies the following causes of action: (1) breach of contract; (2) violation of Texas Property Code § 51; (3) promissory estoppel; (4) fraud in the inducement; and (5) declaratory judgment. AmeriHome timely removed this matter to federal court.

AmeriHome has moved for summary judgment, asking that all of Mrs. Daigle's claims be dismissed as a matter of law. In her response to AmeriHome's

summary judgment motion, Mrs. Daigle expressly abandons her claims for violations of Texas Property Code § 51 and fraudulent inducement. *See* Dkt. 20 at 4, 6. That leaves three causes of action that I must address: breach of contract, promissory estoppel, and declaratory judgment.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact issue is material only "if its resolution could affect the outcome of the action." *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 409 (5th Cir. 2002). "A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989).

The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once satisfied, the burden shifts to the nonmovant to show the existence of a genuine fact issue for trial. *See id.* at 324. To do so, the "nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim." *Brooks v. Houston Indep. Sch. Dist.*, 86 F. Supp. 3d 577, 584 (S.D. Tex. 2015). In ruling on a motion for summary judgment, I must construe "the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020).

## OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE

In opposing summary judgment, Mrs. Daigle submits a two-page affidavit she signed in April 2022. AmeriHome objects to the affidavit on the grounds that it is conclusory and contains hearsay. I deny these objections as moot because "this evidence does not affect the disposition of the summary judgment motion." *Lilly v. SSC Houston Sw. Operating Co.*, No. 4:20-cv-03478, 2022 WL 35809, at *3 n.2 (S.D. Tex. Jan. 4, 2022); *see also Banks v. Bell Helicopter Textron, Inc.*, No. 4:10-

cv-653, 2011 WL 13291576, at *4 (N.D. Tex. Nov. 4, 2011) ("[B]ecause [Defendant] is entitled to judgment as a matter of law even considering the objected-to evidence, the Court overrules [Defendant]'s objections as moot."); *Jones v. United Parcel Serv., Inc.*, No. 3:06-cv-1535, 2008 WL 2627675, at *6 (N.D. Tex. June 30, 2008) (denying objections to summary judgment evidence as moot because the evidence was "not central to the court's conclusions, and sustaining the parties' objections would not change the result").

## ANALYSIS

### A. BREACH OF CONTRACT

To prevail on a breach of contract claim under Texas law, Mrs. Daigle must establish four elements: "(1) formation of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) the plaintiff sustained damages as a result of the breach." *S & S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018) (quotation omitted). Mrs. Daigle argues that AmeriHome breached the Deed of Trust by failing to follow Housing and Urban Development ("HUD") regulations which require AmeriHome to have a face-to-face meeting with the Daigles or make a reasonable effort to arrange such a meeting before proceeding with a foreclosure. *See* 24 C.F.R. § 203.604(b).[1]

Stated simply, Mrs. Daigle cannot satisfy the second essential element of a breach of contract claim—that she performed under the Deed of Trust. The Deed of Trust requires the Daigles to "pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note." Dkt. 17-1 at 12. It is uncontroverted that the Daigles violated this provision by failing to make timely monthly payments as required by the Note. The forbearance agreement did

---

[1] A failure to follow HUD regulations "can form the basis of a breach-of-contract claim if the parties expressly incorporate [the HUD regulations] into their contract." *Smith v. JPMorgan Chase Bank, N.A.*, 519 F. App'x 861, 864 (5th Cir. 2013). The parties in this case have done just that in the Deed of Trust. *See* Dkt. 17-1 at 16 ("This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the [HUD] Secretary.").

not, as Mrs. Daigle suggests, absolve her of her responsibility to make monthly mortgage payments. It simply paused the mortgage payments for a specified time period. When the forbearance period ended on October 31, 2021, the Daigles were obligated to continue making mortgage payments. They made no such payments and were clearly in default of the Deed of Trust.

Under Texas law, "[i]t is a well established rule that a party to a contract who is himself in default cannot maintain a suit for its breach." *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (quotation omitted). With this basic principle in mind, federal courts routinely dismiss breach of contract actions brought by borrowers in default. *See, e.g., Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) (holding dismissal of breach of contract claim was proper where plaintiffs were delinquent on their loan payments); *Bynane v. Bank of N.Y. Mellon*, No. H-15-2901, 2015 WL 8764272, at *5 (S.D. Tex. Dec. 15, 2015) (dismissing breach of contract action where plaintiff admitted the loan was in default); *Mays v. Wells Fargo Home Mortg.*, No. 3:12-cv-4597, 2013 WL 2984795, at *2 (N.D. Tex. June 17, 2013) ("[W]here the plaintiff has failed to perform a duty under the contract, such as the duty to pay his mortgage, he cannot maintain a breach of contract action."). This case is no different. Mrs. Daigle's "own default [of the Deed of Trust] precludes [her] from asserting a cause of action for breach of contract against [AmeriHome]." *Bush v. Wells Fargo Bank, N.A.*, No. SA:13-cv-530, 2014 WL 12496571, at *6 (W.D. Tex. Apr. 24, 2014); s*ee also Jackson v. Bank of Am., N.A.*, No. 3:13-cv-581, 2014 WL 5511017, at *4–5 (S.D. Miss. Oct. 31, 2014) ("Even though the express incorporation of the HUD regulations in Jackson's Deed of Trust may give him a legal basis for a breach of contract claim, the claim is nevertheless invalid for the second reason advanced by the Banks—Jackson's admitted default meant that he breached the Deed of Trust first, and therefore he cannot bring a breach of contract claim against the Banks.").

### B.  PROMISSORY ESTOPPEL

Mrs. Daigle also brings a cause of action for promissory estoppel. "The requisites of promissory estoppel are: (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment." *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983).

The thrust of Mrs. Daigle's promissory estoppel claim is that AmeriHome "made a promise to [Mrs. Daigle] to move the arrearages created from the COVID-19 forbearance to the back of the note" and that Mrs. Daigle "reasonably and substantially relied on the promise to her detriment." Dkt. 1-4 at 8.

This promissory estoppel claim fails as a matter of law. Under Texas law, a loan agreement for more than $50,000.00 is not enforceable unless it is in writing. *See* TEX. BUS. & COM. CODE § 26.02(b). The term "loan agreement" includes any agreement or promise where a financial institution "loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation." *Id*. § 26.02(a)(2). As such, it is black letter law that an agreement to modify a loan for more than $50,000.00 is subject to the Texas statute of frauds, and therefore, must be in writing to be enforceable. *See, e.g.*, *Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790, 794 (5th Cir. 2014) ("[B]ecause the loan agreement between Law and Ocwen for $284,000 was required to satisfy the Statute of Frauds, so too was the proposed modification agreement. Because the loan modification proposal failed to do so, it was not a valid contract upon which a claim of a breach can be based."). The loan at issue in this case is for $227,797.00. "As such, any effort to assert a claim for breach of a loan modification agreement would fail for lack of a written agreement between the parties." *Amaechi-Akuechiama v. U.S. Bank, N.A.*, No. 3:19-cv-00234, 2020 WL 908138, at *5 (S.D. Tex. Jan. 31, 2020).

"Although promissory estoppel can sometimes provide a narrow exception to the statute of frauds, to fall within such an exception there must have been a promise to sign a written contract which had been prepared and which would

6

satisfy the requirements of the statute of frauds." *Juarez v. Wells Fargo Bank, N.A.*, No. 5-17-cv-00756, 2018 WL 835211, at *3 (W.D. Tex. Feb. 12, 2018) (cleaned up). Therefore, the only way Mrs. Daigle can pursue a promissory estoppel claim is if there is competent summary judgment evidence establishing that AmeriHome promised to reduce the alleged agreement to a written document that would satisfy the statute of frauds. No such evidence has been presented. Consequently, Mrs. Daigle's promissory estoppel claim should be dismissed on summary judgment. *See Milton v. U.S. Bank Nat'l Ass'n*, 508 F. App'x 326, 329 (5th Cir. 2013) ("Plaintiff's promissory estoppel claim is unavailing because plaintiff has failed to allege or introduce evidence that Ocwen promised to reduce its alleged oral misrepresentations into writing.") (collecting cases).

## C.   DECLARATORY JUDGMENT

In addition to breach of contract and promissory estoppel claims, Mrs. Daigle seeks a declaratory judgment "that the pending foreclosure sale of her Real Property is wrongful because [AmeriHome] failed to properly follow the procedures as set forth in the Deed of Trust, the Texas Property Code as well as the Texas Constitution." Dkt. 1-4 at 5.

"The Declaratory Judgment Act, which authorizes a federal court to 'declare the rights and other legal relations of any interested party seeking such declaration,' is merely a procedural device and does not create any substantive rights or causes of action." *Smitherman v. Bayview Loan Servicing, LLC*, 727 F. App'x 787, 792 (5th Cir. 2018) (quoting 28 U.S.C. § 2201(a)); *see also Okpalobi v. Foster*, 244 F.3d 405, 423 n.31 (5th Cir. 2001) ("[A]lthough the Declaratory Judgment Act provides a *remedy* different from an injunction—it does not provide an additional cause of action with respect to the underlying claim."). "Where all the substantive, underlying claims have been dismissed, a claim for declaratory judgment cannot survive." *Davis v. Silver State Fin. Servs.*, No. H-13-1432, 2014 WL 713235, at *10 (S.D. Tex. Feb. 20, 2014) (collecting cases). "Because I have already recommended dismissal of the underlying breach of contract and

7

[promissory estoppel] claims, the declaratory [judgment] claim must also be dismissed." *Ferrell v. Union Home Mortg. Corp.,* No. 3:19-cv-00352, 2021 WL 1306685, at *4 (S.D. Tex. Apr. 7, 2021).

## CONCLUSION

For the reasons stated above, AmeriHome's Motion for Summary Judgment (Dkt. 17) is **GRANTED**. A final judgment will be issued separately.

SIGNED this 4th day of December 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE